[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this three count complaint alleges that he and the defendant were investors in certain business ventures known as Husky Blues, LLC and Nutmeg Country Estates, LLC; that various loans were made by the plaintiff to the defendant which had not been repaid; and that they had agreed to sever their business relationship with the defendant transferring certain rental properties which he owned to the plaintiff in return for the plaintiff releasing the defendant from his financial obligations to the plaintiff
The plaintiff alleges that the defendant, prior to transferring title to the rental properties over to him, negotiated new leases with the tenants whereby the defendant, in addition to the security deposits he had collected, also collected one months rental in advance from the tenants, and that the defendant refused to pay over those advance rentals to the plaintiff. The plaintiff also claims that $1800 is due him from rent collected by the defendant for the month of July 2000 from one of the tenants, which should have been paid to the plaintiff since the plaintiff was the owner of the property in July 2000.
The first count alleges money withheld by the defendant in violation of the agreement between the parties. The second count alleges the defendant fraudulently concealed the fact that he had collected advance rentals from the tenants. The third count alleges a conversion of money unlawfully in violation of Connecticut General Statutes § 52-564.
The defendant's position is that the parties had agreed to settle the debt owing to the plaintiff by transferring title to the properties in question, with all mortgages paid up to date, that all security deposits (totaling $8800) would be given to the plaintiff and that there would be an adjustment for money held in escrow by the mortgage lender for taxes as of the date of closing. In short, the defendant claims they had agreed on payment of a sum certain of $8800 plus an adjustment for the escrow account, and that the advance rentals were not part of their agreement. CT Page 11650
The plaintiff testified credibly that he was unaware that the defendant had collected rent in advance from the tenants in addition to the disclosed security deposits. The agreement between the parties (Exhibit F) states in relevant part as follows: "Nanos [defendant] will transfer to Stein [plaintiff] all interest in the five houses on North Eagleville Road — Numbers 197, 203, 207, 213 and 219. All mortgages will be paid up to date. Taxes and no liens will be on the property, except for first mortgages held by Webster Band (sic) and/or Homeside Lending. All security deposits will be given to Stein — i.e. $1800 x 4 and $1600 x 1 = $8800."
The plaintiff asked the defendant for copies of the five leases prior to the closings on June 21, 2000, but they were not provided. Nor did the defendant bring the leases to the closing. There was some urgency to closing the deal because the landlord of the Husky Blues property was pressing for overdue rent and that was going to become the obligation of the defendant.
The plaintiff relied on the representations of the defendant as to the amount of the security deposits being held, and it was not until the leases were turned over some time in July that the plaintiff learned the defendant had also taken an additional months rent as security.
A security deposit is defined in Connecticut General Statutes §47a-21 (10) as "any advance rental payment other than an advance payment for the first month's rent and a deposit for a key or any special equipment."
The leases for the properties (Exhibits H, I, J, K and L) all provide that "The Lessee upon execution of this Lease Agreement shall provide to the Lessor the sum of Three Thousand Six Hundred ($3600.00) dollars for the last months rent and security deposit, to serve as security for the faithful performance by the Lessee of its agreements contained in this lease." (Paragraph 20 of said exhibits).
It is abundantly clear that the "last month's rent" is, by definition, a security deposit. See also Clark v. Mele, Superior Court, Judicial District of Fairfield, at Bridgeport No. CVBR 9008-10173, (1992) Leheny,J. and Birney v. Barretta, Superior Court, Judicial District of New Haven, No. CV-NH-5079, (1993) Riddle, J.
The plaintiff is also entitled to payment of $1800 which the defendant collected from one of the tenants as July rental. The defendant claims that because another tenant had not paid the rent for the month of June, CT Page 11651 he (defendant) could keep another tenants July rent and the plaintiff would have the obligation to collect the late June rental and when he did so, it would offset the July payment from the other tenant.
The defendant's argument is without merit. The plaintiff was entitled to the rental payments for the month of July onward and the defendant was entitled to rental payments through June. It was the defendant's responsibility to collect rent due in June and he was without authority to pass that burden on to the plaintiff. The plaintiff did not, in fact, receive the overdue payment unpaid from June and the loss should inure to the defendant.
Accordingly, the defendant owes the plaintiff $8800 for withheld security deposits (termed last month's rent), $1800 for the July rental payment withheld by the defendant, and $213.38, which the parties agree is owed the plaintiff as a corrected escrow adjustment.
While the Court has reservations about whether the defendant's failure to disclose the total amount of the security deposits may have been fraudulent, it is not satisfied that the plaintiff has proved by clear and convincing evidence, fraudulent concealment of the collected advance rentals, or a conversion by fraud on false pretenses resulting in an award of treble damages; or attorney's fees.
Accordingly, judgment shall enter in favor of the plaintiff, in the amount of $10,813.38. Under the circumstances interest should be awarded and interest at the rate of 10% per annum is ordered (Connecticut General Statutes § 37-3a) @ $2.962 per diem — 807 days from July 1, 2000 = $2390.34. Total judgment is $13203.72.
Klaczak, J. CT Page 11652